1  ALLAN E. ANDERSON (SBN 133672)
   allan.anderson@arentfox.com
2  JAKE GILBERT (SBN 293419)
   jake.gilbert@arentfox.com
3  **ARENT FOX LLP**
   555 West Fifth Street, 48th Floor
4  Los Angeles, California 90013-1065
   Telephone: 213.629.7400
5  Facsimile:  213.629.7401

6  Attorneys for Defendants
   ZARA USA, INC. and INDUSTRIA DE DISENO
7  TEXTIL, S.A., a/k/a INDITEX, S.A.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| RUBE P. HOFFMAN CO., <br><br> Plaintiff, <br><br> v. <br><br> ZARA USA, INC.; INDUSTRIA DE DISENO TEXTIL, S.A., a/k/a INDITEX, S.A., and DOES 1-5, inclusive, <br><br> Defendant. | Case No.  2:18-cv-09114-MWF-AGRx <br><br> **NOTICE OF DEFENDANT INDUSTRIA DE DISENO TEXTIL, S.A. a/k/a INDITEX, S.A.'S MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** <br><br> **DEMAND FOR TRIAL BY JURY** <br><br> Date:     January 28, 2019 <br> Time:    10:00 a.m. <br> Judge:   The Hon. Michael W. Fitzgerald <br> Courtroom:        5A <br><br> Complaint Filed: October 23, 2018 |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 2:18-cv-09114-MWF-AGRx

DEFENDANT INDUSTRIA DE DISENO
TEXTIL'S MOTION TO DISMISS

# NOTICE OF MOTION

**TO PLAINTIFF RUBE P. HOFFMAN CO. AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 28, 2019, at 10:00 a.m. in Courtroom 5A of the Honorable Michael W. Fitzgerald of the above referenced court, located at 350 W. First Street, Los Angeles, CA 90012, Defendant Industria de Diseno Textil, S.A., a/k/a Inditex, S.A. will move to dismiss all causes of action and claims against it in this matter in their entirety on the grounds that the Court lacks personal jurisdiction.

This Motion is made following the required conference of counsel required by Local Rule 7-3, which took place by telephone on November 21, 2018.

This Motion will be based on this Notice, the attached Memorandum of Points and Authorities, the files and records in this action, argument of counsel, and upon such other and further matter adduced at the hearing or of which the court takes judicial notice.

Dated:  December 3, 2018  **ARENT FOX LLP**

By: _/s/Allan E. Anderson_
ALLAN E. ANDERSON
JAKE GILBERT
Attorneys for Defendant
INDUSTRIA DE DISENO TEXTIL, S.A.
a/k/a INDITEX, S.A.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court should dismiss Industria de Diseno Textil, S.A. a/k/a Inditex, S.A. ("Inditex") from this action because the Court lacks personal jurisdiction over it and Plaintiff Rube P. Hoffman Co. ("Hoffman") presents no evidence to the contrary. Because Inditex is neither "essentially at home" in California, nor does it purposefully direct its activities towards California or avail itself of the privileged of conducting activities there, there is no basis for this Court to assert either general personal jurisdiction, or specific personal jurisdiction over Inditex, leaving no ground to keep Inditex in this matter. Hoffman's identification of Zara USA, Inc. ("Zara"), a wholly-owned subsidiary of Inditex, as being subject to jurisdiction in California does not create a basis for or presumption that Inditex is as well.

In fact, Inditex is a Spanish company, organized under Spanish law, with its principal place of business in Spain. It conducts no business in California. It does not have an agent for service of process in California, and it does not hold a license to do business in California. It is not "at home" in California, and cannot be understood to be, and therefore, there is no basis for general jurisdiction to be found.

Further, the mere fact that goods which have been manufactured or sold by Inditex ended up in California does not mean that Inditex "purposefully availed" itself of the privilege of conducting activity in California. Instead, applicable law requires that Inditex's "expressly aim" its allegedly infringing conduct at California or create applicable contacts itself. That is absent here as well as California is neither the focal point of Inditex's business activity or of the harms allegedly suffered, nor will Zara's presence in California be imputed to its corporate parent.

Therefore, there is no factual or legal basis to hail Inditex, a Spanish entity, into this Court.

## II. FACTUAL BACKGROUND

Hoffman has generally asserted that Inditex and Zara USA, Inc. ("Zara"), Inditex's United States subsidiary, have infringed upon Hoffman's registered copyrights through the marketing and sale of garments in the state of California. (Complaint ¶¶ 21, 32.) Hoffman further asserts that those allegedly infringing goods represent a cause of confusion as to the source of the goods, leading to the dilution of the value of the allegedly copyright design, and asserts unfair competition under federal and state statutory and common law. (Complaint ¶¶ 46, 52, 60.)

## III. LEGAL STANDARD

A district court sitting in diversity may exercise personal jurisdiction as the courts of general jurisdiction of the state in which it is located. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). Because California's long-arm statute is "coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Id.* (internal quotation marks and citations omitted); see also Cal. Code of Civ. Proc. § 410.10. Under the Due Process Clause, a court may exercise jurisdiction over a non-resident defendant only if the defendant has such "minimum contacts" with the forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citations admitted).

Under this standard, a court may obtain either "general or specific jurisdiction over a defendant." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001); *see also Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 413-15, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). "If the defendant's activities in the forum are substantial, continuous and systematic, general jurisdiction is available; in other words, the foreign defendant is subject to suit even on matters unrelated to his or her contacts to the forum." *Unocal*, 248 F.3d at 923. "A court

may exercise specific jurisdiction over a foreign defendant if his or her less substantial contacts with the forum give rise to the cause of action before the court," but "[i]t is the plaintiff's burden to establish the court's personal jurisdiction over a defendant." *Id*. at 922-23. "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal quotation marks omitted).

## IV.   ARGUMENT

Inditex should be dismissed from this case because it is a Spanish company that does not have the required contacts with California such that this Court may exercise either general or specific personal jurisdiction over it. Inditex is organized under the laws of Spain and has its principal place of business there. It does not distribute any goods in the United States, nor does it market or advertise either, including over the internet, where all United States sales, marketing, and distribution is handled by Zara, a separately incorporated subsidiary that maintains a distinct corporate entity. Forcing Inditex to defend itself in this Court would be counter to its due process rights and unreasonable in light of its limited activities in the United States.

### A.   Inditex Is Not Subject to Personal Jurisdiction in California

#### 1.   Inditex Is Not Subject to General Personal Jurisdiction in California

A corporation is subject to general personal jurisdiction only where its in-state contacts are "so continuous and systematic as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (internal quotation marks omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place ... in which the corporation is fairly regarded as at home," such as its "domicile, place of incorporation, and principal

place of business." *Id*. at 2853-54; *see also Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (holding that general jurisdiction typically requires the corporation either to be incorporated or have its principal place of business in the forum state). As the Supreme Court explained in another jurisdictional context, "'[p]rincipal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities ... [a]nd in practice it should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010). Here, Inditex is unquestionably "at home" in Spain.

As Hoffman briefly acknowledges in its Complaint, Inditex's principal place of business is located in Spain. (*See* Complaint ¶10.) Hoffman does not acknowledge whether Inditex is organized under American law, or operates in the United States, and therefore does not make a prima facie showing that it is subject to personal jurisdiction. Inditex's status is similar to manufacturers in *Goodyear Dunlop Tires Operations, S.A.*, where a foreign manufacturer was sued in North Carolina, where the plaintiffs were located. *Goodyear Dunlop Tires Operations, S.A.*, 131 S. Ct. at 2846. The Supreme Court found that there was no general jurisdiction and rejected a "sprawling view of general jurisdiction" under which "any substantial manufacturer ... would be amenable to suit, on any claim for relief, wherever its products are distributed," and explained that "even regularly occurring sales of a product in a State do not justify" the exercise of general jurisdiction there. *Id*. at 2856, 2857, n.6. The Supreme Court similarly stated that the inquiry "is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's affiliations with the State are so 'continuous and systematic as to render [it] essentially at home in the forum State.'" *Daimler AG*, 134 S. Ct. at 761.

Therefore, here, applying both *Goodyear* and *Daimler AG*, Inditex should not be made to defend itself in a foreign court. Inditex's principal place of business is

also in Spain. (Compl. ¶10.) Hoffman makes no assertions as to whether Inditex maintains an office in California, or has an agent for service in California, or is licensed to conduct business in California. Inditex operates its business from its principal place of business in Spain, and is not subject to general personal jurisdiction in California based on its own contacts with the state. That Inditex products may eventually reach California is not a basis upon which a court may exercise personal jurisdiction—to do so would run afoul of the Supreme Court's holding that a manufacturer cannot be hailed into a court simply because its products ultimately make their way into that court's jurisdiction. *Goodyear*, 131 S. Ct. at 2856, 2857, n.6; *Daimler*, 134 S. Ct. at 759-62 (rejecting "agency theory" that would "subject foreign corporations to general jurisdiction wherever they have an in-state subsidiary or affiliate").

Simply put, Inditex is not "at home" in California, and it would violate due process to require it to defend this action there.

### 2. Inditex Is Not Subject to Specific Personal Jurisdiction in California

If a defendant's activities within the state do not justify general jurisdiction, a court may sometimes exercise limited jurisdiction over a particular cause of action that arises directly out of the defendant's forum-related activities. *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993). The test for limited personal jurisdiction has three parts: (1) the defendant must either "purposefully direct his activities" toward the forum or "purposefully avail[ ] himself of the privileges of conducting activities in the forum"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). Here, the "purposeful direction" test will be applied. *Axiom Foods, Inc. v. Acerchem International, Inc.*, 874 F.3d 1064, 1068-69 (9th Cir. 2017).

### a. Inditex Did Not Purposefully Direct Its Behavior Towards California Because It Did Not Express Aim Any Intentional Acts Towards California

The test for purposeful directing, often referred to as the "effects" test, derives from *Calder v. Jones*, 465 U.S. 783 (1984). *Washington Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 673 (9th Cir. 2012). The defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id*. (*quoting Mavrix Photo Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011)). The Supreme Court has determined that "express aiming" requires more than the Plaintiffs having a strong connection to the forum state and instead must view the *defendants* connection to the forum state. *Axiom Foods*, 874 F.3d at 1069-70 (emphasis added); *see also Walden v. Fiore*, 571 U.S. 277, 287-88 (2014); c*f. Picot v. Weston*, 780 F.3d 1206, 1214–15 (9th Cir. 2015) (applying *Walden* to express aiming prong of purposeful direction test).

In *Casey-Werner Company, LLC v. British Broadcasting Corp.*, 2018 WL 1083550 (C.D.Cal. 2018), this Court determined that no specific personal jurisdiction existed despite the alleged infringement occurring when at least one viewer in California accessing the copyrighted materials because no evidence existed that the British Broadcast Corp. in any way targeted California through its website or offerings, and therefore the Court "cannot conclude on this showing that California is the focal point of the Program and any harm suffered by Plaintiff." This is identical to the circumstance here, as Inditex did not target California in any meaningful way and has not endeavored at all to create any contacts with the state.

Simply stated, Hoffman has not demonstrated that Inditex has expressly or otherwise aimed any acts, intentional or otherwise, to California. Hoffman has not demonstrated that Inditex has sold, marketed, or distributed its goods in the state of California. With respect to Zara's relationship with Inditex, "[i]t is well established

that, as a general rule, where a parent and a subsidiary are separate and distinct corporate entities, the presence of one ... in a forum state may not be attributed to the other[.]" *Holland Am. Line Inc. v. Wartsila N. Am., Inc*., 485 F.3d 450, 459 (9th Cir. 2007). Hoffman even asserts that Zara "owns and operates the Zara stores in the United States, including twenty two stores in the State of California[,]" further indicating Inditex's lack of contact with California. Complaint ¶10.

                **b.**       **Asserting Specific Jurisdiction Against Inditex Would Not Be Reasonable**

The third prong of the exercise of specific jurisdiction asks whether it would reasonable to pull a foreign entity into litigation in this jurisdiction. The Ninth Circuit stated those factors in *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991), and declared that the overall balance is determinative. Those factors include the following. *Id*.

- **The extent of the defendant's purposeful interjection into the forum state's affairs**: As discussed above, Inditex has not invoked the benefits and protections of California law by conducting any business activities within this state.
- **Burden on the defendant**: It would be unduly burdensome to require Inditex, a Spanish company, to continue to maintain its defense in this case halfway around the world, and in a language different from that which it operates in. "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi Metal Industry Co., Ltd. v. Superior Court (Cheng Shin Rubber Industrial Co., Ltd.)*, 480 U.S. 102, 114, (1987).
- **Conflicts of law between the forum and defendant's home jurisdiction**: The copyright laws of the United States and Spain differ

in many significant regards. *See generally* Lionel Bently (ed.), *International Copyright Law and Practice* (LexisNexis, 2015).

- **The existence of an alternative forum**: If Plaintiffs believed that Inditex had conducted some infringing actions in Spain, then they could conceivably seek relief in the courts of that nation under Spanish copyright law. Otherwise, however, the copyright laws of the United States have minimal at-best application outside of the nation's borders. *Subafilms, Ltd. v. MGM-Pathe Communications Co.*, 24 F.3d 1088, 1095 (9th Cir. 1994).

On balance, it would not reasonable to compel Inditex to remain in this case. "Considering the international context, the heavy burden on the alien defendant, and the slight interests of the plaintiff and the forum State, the exercise of personal jurisdiction by a California court . . . in this instance would be unreasonable and unfair." *Asahi*, 480 U.S. at 116.

## V. CONCLUSION

Taking the assertions in the Complaint as fact, Inditex is still neither "at home" in California—a state where it conducts no business, maintains no office, and cannot otherwise be understood operate—nor is it purposefully availing itself of the privilege of conducting business in California or intentionally targeting the state of California with its operations. Under well-established case law from the Supreme Court and 9th Circuit, there is no question that Inditex has not subjected itself to personal jurisdiction in this Court, and allowing the claims against Inditex to stand would violate clear Constitutional fairness principles and unreasonably force a foreign corporation to defend itself in the United States. As such, all claims against Inditex should be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. Proc . 12(b)(2).

| | |
|---|---|
| Dated: December 3, 2018 | **ARENT FOX LLP**<br><br>By: */s/Allan E. Anderson*<br>ALLAN E. ANDERSON<br>JAKE GILBERT<br>Attorneys for Defendant<br>INDUSTRIA DE DISENO TEXTIL, S.A.<br>a/k/a INDITEX, S.A. |